IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH    CENTRAL DIVISION

| | |
|---|---|
| DAVID W. COLE, an individual, and SILVER SANDS CONSULTING, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SALT CREEK, INC., a Utah corporation; and INVE ASIA LIMITED, a foreign corporation<br><br>Defendants. | **MEMORANDUM DECISION & ORDER DENYING CROSS-MOTIONS TO DISQUALIFY COUNSEL**<br><br>Case No: 2:08-CV-928 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendants filed a motion to disqualify counsel for plaintiffs under Rules 1.9 and 1.10 of the Utah Rules of Professional Conduct.[1] In response, Plaintiffs filed a cross-motion to disqualify counsel for Defendants.[2] After considering the motions and supporting documentation, the court concludes that both motions should be denied.

## BACKGROUND

Plaintiff David Cole was an employee and shareholder of an entity known as Salt Creek, Inc. prior to Sept. 26, 2002. On that date, Salt Creek's outstanding stock was sold to Inve Asia Ltd. Following the sale, Cole was employed by Defendants as an officer of the post-sale Salt Creek entity pursuant to a written employment agreement effective Oct. 1, 2002.[3] Under the

---

[1] Motion to Disqualify Counsel for Plaintiffs (Defendants' Motion ), docket no. 5, filed January 26, 2009.

[2] Cross-motion to Disqualify (Plaintiffs' Motion), docket no. 11, filed February 13, 2009.

[3] Complaint at 2-3.

agreement, Cole was to receive compensation which included salary, expenses, and other benefits including participation in Salt Creek's 401(k) plan.[4]  Cole states that in addition to the compensation set forth in the employment agreement, Defendants also agreed to pay him a monthly bonus payment which was intended to approximate his past bonus and equity benefits prior to the sale of Salt Creek to Inve.[5]  Cole alleges that Defendants breached these agreements by terminating his participation in its 401(k) plan, reducing and then discontinuing the bonus payments, and finally terminating his employment on October 10, 2008.[6]

### Roles of Counsel

Plaintiffs David W. Cole and Silver Sands Consulting, LLC (collectively Cole) are represented in this matter by Robert E. Mansfield and the law firm of Snell & Wilmer.  Prior to his association with his present firm, Mansfield was an attorney with the law firm of Van Cott, Bagley, Cornwall & McCarthy (Van Cott) which is representing the Defendants Salt Creek, Inc. and Inve Asia Limited (collectively Salt Creek) in the present litigation.  In June 2008, Mansfield left Van Cott and began working at Snell & Wilmer.[7]

---

[4] *Id.* at 3; Employment Agreement attached as Exhibit A to Defendant Salt Creek Inc.'s Reply Memorandum in Support of Motion to Disqualify Counsel for Plaintiffs and Opposition to Cross-motion to Disqualify, docket no. 21, filed under seal April 14, 2009.

[5] Complaint at 3.

[6] *Id.*

[7] Defendants' Memorandum in Support of Motion to Disqualify Counsel for Plaintiffs (Defendants' Supporting Memorandum) at 7, docket no. 6, filed under seal, January 26, 2009.

**Motions to Disqualify**

Defendants have filed a motion to disqualify Mansfield on the ground that from July 2002 to June 2008, Mansfield (while employed at Van Cott) provided legal services to Salt Creek concerning at least eleven legal matters and billed substantial legal fees.[8] Salt Creek states that during that time, it considered Mansfield to be its general counsel. In that role, Mansfield was privy to detailed confidential information concerning Salt Creek's employment practices and policies, and participated in several matters related to employment disputes. Further, Salt Creek states that Van Cott's billing records reveal that Mansfield almost certainly billed time to Salt Creek for reviewing the very employment contract at issue in this case. In addition, because Mansfield was Salt Creek's general counsel at the time that Cole entered into the employment agreement and during the majority of Cole's career at Salt Creek, Mansfield was privy to confidential information specifically related to Salt Creek's employer-employee relationship with Cole including his contractual relationship which is specifically at issue in this case.[9]

Salt Creek asserts that Cole's interests in this case are materially adverse to those of Salt Creek. Based on the forgoing facts, Salt Creek contends that Mansfield is violating his duties to it, as his former client, under Utah Rule of Professional Conduct 1.9. It further contends that because Snell & Wilmer has made no effort to shield Mansfield from this case, Mansfield's

---

[8] Defendants' Motion at 1-2.

[9] *Id.* at 2.

conflict of interest should be imputed to the firm of Snell & Wilmer under Utah Rule of Professional Conduct 1.10(c).[10]

Mansfield responds that he began representing Cole and his company Salt Creek in approximately 1992 and has represented them on various issues over the years.[11] He states that he was never listed as, retained as, and never considered himself to be, general counsel for Salt Creek. Rather, Salt Creek had its own in-house general counsel, Mark McDougal, through 2002.[12]

Mansfield explains that in 2002, Plaintiff David Cole along with two other shareholders, owned the majority of Salt Creek, Inc. The remaining shareholders were primarily relatives and other closely related persons to those shareholders. In 2002, the Salt Creek shareholders entered into a transaction where certain Inve parties ("Inve") purchased the outstanding shares of Salt Creek.[13] As part of the transaction, Inve decided to employ Cole as a vice president of the post-sale Salt Creek entity and entered into the written employment agreement that is at issue in this case.[14] Mansfield states that Inve drafted the employment agreement, and that Inve's own separate counsel negotiated the agreement on behalf of Inve and its future Salt Creek entity. Cole, the only other party to the agreement, was separately represented by Mansfield and other

---

[10] *Id.* at 3.

[11] Declaration of Robert E. Mansfield in Opposition to Motion to Disqualify, and in Support of Cross-motion to Disqualify (Mansfield Declaration) ¶ 2, docket no. 13, filed February 13, 2009.

[12] *Id.* ¶ 3.

[13] Supplemental Declaration of Robert E. Mansfield in Support of Cross-motion to Disqualify (Supplemental Mansfield Declaration) ¶ 2, docket no. 20, filed March 16, 2009.

[14] *Id.* ¶ 3.

attorneys at his then-law firm Van Cott.[15] Mansfield admits that Salt Creek was in fact billed for work on behalf of Cole in connection with the employment agreement "because Cole was, in essence, Salt Creek *at that time*."[16] Mansfield further explains that the employment agreement was part of the overall stock-sale transaction, the costs of which were allocated between, and paid by the purchased and purchasing entities. Mansfield states that Salt Creek, as it existed at the time of the negotiations, was not a party to the employment agreement and therefore had no need of representation.[17] Throughout the negotiations of the employment agreement and the entire sale transaction, Inve was represented by its own separate counsel.[18]

Regarding his cross-motion for disqualification, Cole asserts that the only prior representation by Mansfield that is arguably related to the issues in this case is Mansfield's representation of Cole in the negotiation of the employment agreement and the related stock sale. He states that to the extent that Mansfield's and Van Cott's prior representation is substantially related to the present case, that representation weighs against Defendants' counsel and requires Van Cott's disqualification under Rules 1.9 and 1.10 of the Utah Rules of Professional Conduct.[19] In other words, Mansfield claims that if his prior actions for Salt Creek disqualify him from now working for Cole's interests, then VanCott, his firm at the time of that work, should be barred from representing Defendants' interests.

---

[15]*Id.* ¶ 4.

[16]*Id.* ¶ 5.

[17]*Id.*

[18]*Id.* ¶ 6.

[19]Plaintiffs' Motion at 2.

## DISCUSSION

Rule 1.9(a) of the Utah Rules of Professional Conduct prohibits a lawyer who has formerly represented a client from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Citing to the commentary to Rule 1.9, Defendants assert that the purpose of the prohibition on representation in "substantially related" matters is to protect against the use of information obtained in the prior representation to the disadvantage of the former client.

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute *or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.*[20]

Defendants argue in support of their motion that Mansfield had "access to confidential information related to nearly every aspect of Salt Creek's business, including its employment practices, policies, and contractual relationships."[21] Defendants assert that

> Mansfield's extensive representation of Salt Creek in litigation and employment matters generally, and matters pertaining to Cole specifically, create a substantial risk that confidential factual information, that would normally flow from client to counsel, could materially advance his current client's position regarding his contractual relationship with Salt Creek in this matter.[22]

---

[20] Defendants' Supporting Memorandum at 9 (quoting Utah R. Prof. Conduct 1.9 cmt. 3)(emphasis added by Defendants).

[21] Defendants' Supporting Memorandum at 9.

[22] *Id.* at 12-13.

Defendants' argument that Mansfield was privy to their general business and employment policies is unavailing. The commentary to the Utah Rules of Professional Conduct provides that "[i]n the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation."[23] Thus, any general knowledge that Mansfield may have obtained relating to Salt Creek's employment policies and practices would not preclude the present representation. Defendants also assert that Mansfield provided legal services with regard to specific employment disputes with other employees. However, those disputes were not related to this case and were not factually similar.

Further, as Plaintiffs point out, Cole was Mansfield's primary contact at Salt Creek so that any information Mansfield learned about Salt Creek came directly from Cole.[24] Thus, such information could not be considered Salt Creek's "confidential information" that could be used to Cole's advantage in this case. Finally, with regard to the negotiation of the employment agreement at issue in this case, it is clear that Mansfield represented the interests of Cole, not the interests of the employing entity.

The court therefore concludes that neither Mansfield, nor Van Cott, obtained confidential information in the prior representation that "would materially advance the client's position in the [present dispute]."[25] Accordingly, counsel for both parties should be allowed to continue their

---

[23]Utah R. Prof. Conduct 1.9 cmt. 3.

[24]Plaintiffs' Memorandum in Opposition to Motion to Disqualify, and in Support of Cross-motion to Disqualify at 10-11, docket nos. 17 & 18, filed March 12, 2009; Plaintiffs' Reply Memorandum in Support of Cross-motion to Disqualify at 8-9, docket no. 19, filed March 16, 2009.

[25]Utah R. Prof. Conduct 1.9 cmt. 3.

representation. This is consistent with the substance of Mansfield's relationship with Cole which included representation of the Salt Creek entity at all times consistent with the interests of Cole.

## ORDER

Defendants' Motion to Disqualify Counsel for Plaintiffs[26] and Plaintiffs' Cross-motion to Disqualify[27] are **DENIED**.

May 15, 2009.

> BY THE COURT:
>
> *David Nuffer*
> David Nuffer
> U.S. Magistrate Judge

---

[26] Docket no. 5, filed January 26, 2009.

[27] Docket no. 11, filed February 13, 2009.