IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID W. COLE, an individual, and SILVER SANDS CONSULTING, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SALT CREEK, INC., a Utah corporation; and INVE ASIA LIMITED, a foreign corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:08-cv-928 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiffs filed a motion for leave to file an amended complaint[1] to add additional parties that it alleges "are alter-egos of the Defendants initially named in the lawsuit."[2] For the reasons set forth below, this motion is GRANTED.

Introduction

Prior to Sept. 26, 2002 Plaintiff David Cole was an employee of Salt Creek, Inc. On that date, Salt Creek's outstanding stock was sold to INVE Asia Ltd.[3] As part of the sale transaction, an Employment Agreement was executed. According to the Employment Agreement signed by Cole and Salt Creek, Inc., effective Oct. 1, 2002, Cole was employed as an officer by "Salt Creek, Inc., it's [sic] related affiliates and or major shareholders"[4] Under the agreement, Cole was to receive compensation which included salary, expenses, and other benefits including

---

[1] Motion for Leave to File First Amended Complaint, docket no. 29, filed April 15, 2010.

[2] Memorandum in Support of Motion for Leave to File First Amended Complaint (Supporting Memorandum) at 3, docket no. 30, filed April 15, 2010.

[3] Complaint at 2-3, attached as Exhibit A to Notice of Removal, docket no. 2, filed December 1, 2008.

[4] Employment Agreement at 1 (Employment Agreement) attached as Exhibit A to Defendant Salt Creek Inc.'s Reply Memorandum in Support of Motion to Disqualify Counsel for Plaintiffs and Opposition to Cross-motion to Disqualify, docket no. 21, filed under seal April 14, 2009.

participation in Salt Creek's 401(k) plan.[5] Cole states that in addition to the compensation set forth in the employment agreement, he was also to receive through his consulting company (Plaintiff Silver Sands Consulting, LLC) a monthly bonus payment which was intended to approximate his past bonus and equity benefits prior to the sale of Salt Creek to INVE.[6] Cole alleges that Defendants breached these agreements by terminating his participation in the 401(k) plan; reducing and then discontinuing the bonus payments; and finally terminating his employment on October 10, 2008.[7]

Plaintiffs seek to add as defendants several entities which Plaintiffs allege are alter egos of the Defendants initially named in the lawsuit.[8] The new defendants are: Salt Creek Holdings, LLC; Nutriad Inc. f/k/a BFI Innovations, Inc.; INVE Americas Services, Inc.; INVE Aquaculture, Inc.; INVE, BV; INVE Technologies, NV; Ocean Nutrition Asia Co., Ltd. d/b/a Aqua Pets America; and John Does 1 through 10.[9]

## Positions of the Parties

Plaintiffs argue that the proposed amendment does not change the substance of the claims; will not prejudice the current Defendants as they have ample time to conduct discovery and prepare for trial; and is timely.[10] Defendants argue that the proposed amendment is futile because the proposed additional defendants had nothing to do with the matters at issue; are not

---

[5] Complaint at 3; Employment Agreement.

[6] Complaint at 3.

[7] *Id.*

[8] Supporting Memorandum at 3.

[9] First Amended Complaint (Amended Complaint) at 1, attached as Exhibit 1 to Motion for Leave to File First Amended Complaint, docket no. 29, filed April 15, 2010.

[10] Supporting Memorandum at 4.

alter egos of the Defendants as the proposed additional defendants do not exist or have no relationship to Defendants; and are not subject to personal jurisdiction of this Court.[11]

Defendants allege that Plaintiffs' vague and non-specific allegations fail to establish a viable alter ego claim.[12] Defendants further allege that Plaintiffs' sparse allegations are conclusory and deficient under Rule 8 pleading standards as interpreted by the *Twombly*[13] and *Iqbal*[14] decisions.[15] Plaintiffs, however, claim the allegations are specific factual allegations which meet *Twomblyl/Iqbal* standards and support an alter ego claim.[16] Plaintiffs further argue that the current Defendants lack standing to argue that the Court lacks personal jurisdiction over the additional Defendants.[17]

## Discussion

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with the court's leave.[18] While the court should "freely give leave when justice so requires,"[19] the court has discretion to refuse leave to amend for, among other reasons, futility of the amendment.[20] A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[21]

---

[11] Defendant Salt Creek Inc.'s Memorandum in Opposition to Motion for Leave to Amend Complaint (Opposing Memorandum) at 2, docket no. 32, filed May 11, 2010.

[12] *Id.* at 7.

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[14] *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

[15] Opposing Memorandum at 10.

[16] Reply Memorandum in Support of Motion for Leave to File First Amended Complaint (Reply Memorandum) at 3-4, docket no. 36, filed June 2, 2010.

[17] *Id.* at 5.

[18] Fed. R. Civ. P. 15(a)(2).

[19] *Id.*

[20] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[21] *Watson ex rel Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

3

*Timeliness*

According to the Amended Scheduling Order,[22] the last day to file motions to amend pleadings and to add parties is April 15, 2010. The present motion was filed April 15, 2010, and is therefore timely.

*Sufficiency and Futility*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[23] In *Twombly*, the Supreme Court stated that to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[24] "Specifically, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[25] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[26] To meet this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[27] Generally, "a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven."[28] But, the "'tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable' to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . .'"[29] "Determining

---

[22] Order Granting Stipulated Motion to Amend and Amended Scheduling Order, docket no. 28, filed March 30, 2010.

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570.

[25] *Phillips v. Bell*, No. 08-1420, 2010 U.S. App. LEXIS 2904 at *12 (10th Cir. Feb. 12, 2010)(alteration in original) (quoting *Twombly*, 550 U.S. at 555).

[26] *Robbins*, 519 F.3d at 1247.

[27] *Id.* (quoting Ridge at *Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007))(emphasis in original).

[28] *Robbins*, 519 F.3d at 1247.

[29] *Phillips*, 2010 U.S. App. LEXIS 2904, at *15 (alteration in original)(quoting *Iqbal*, 129 S. Ct. at 1949.

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[30] Futility is closely related to the issue of sufficiency. If the amended complaint is insufficient, the amendment would be futile since it would be subject to dismissal.

Plaintiff seeks to add multiple defendants which it alleges are each alter egos of the original defendants.[31] Under Utah law, one entity can be held liable as the alter ego of the other when (1) there exists "[s]uch a unity of interest and ownership that the separate personalities" of the entities no longer exist; and (2) "if observed, the corporate form would sanction a fraud, promote injustice, or result in an inequity."[32]

In determining whether there exists such a unity of interest and ownership that the separate legal personalities of the entities no longer exist, Utah courts consider the following factors:

> (1) [U]ndercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a façade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud. [33]

Plaintiffs' allegations go beyond the "formulaic recitation of the elements of a cause of action"[34] that *Twombly* condemns. Plaintiffs allege that the additional defendants are alter egos of the Defendants because of these specific activities:

- Shared common ownership and management;

---

[30] *Iqbal*, 129 S. Ct. at 1950.

[31] Supporting Memorandum at 4.

[32] *Envirotech Corp. v. Callahan*, 872 P.2d 487, 499 (Utah Ct. App. 1994).

[33] *d'Elia v. Rice Dev., Inc.*, 147 P.3d 515, 522-23 (Utah Ct. App. 2006).

[34] *Twombly*, 550 U.S. at 555.

5

- Instructed each other's employees to work on projects for each other and paid for those services without regard to who actually was the employer;
- Substituted each others' names on paychecks or bonus payments to Plaintiffs;
- Corresponded and transacted business with Plaintiff under each others' names or under generic names like INVE Group;
- Failed to distinguish between debts, assets, and obligations of each other by transferring assets between themselves freely and without regard to each other's separate legal personality;
- Guaranteed debts of each other without receiving anything of value in return;
- Are undercapitalized;
- Lacked functioning officers or directors; and
- Shifted assets to protect those assets from an adverse judgment.[35]

However, as Defendants point out, Plaintiffs "have made no effort to identify any specific instance in which any of these general allegations occurred with regard to any of the 9 named Defendants."[36] That is, the allegations are made in a blanket manner as to all the additional defendants, to claim that they are each alter egos of both Defendants.

Also, Defendants claim that one defendant that Plaintiff seeks to add, Salt Creek Holdings, LLC, does not appear to have any relationship with Defendants whatsoever. According to the online records of the Utah Department of Commerce[37], the principals of Salt Creek Holdings, LLC are not common to Defendants as is alleged in the amended complaint. But that is only one factual basis for the existence of alter ego status. There may be other factual bases to support the allegations of the proposed amended complaint. Rule 8 does not require "detailed factual allegations."[38]

Plaintiffs have sufficient allegations for their alter ego claims against the additional defendants.

*Personal Jurisdiction*

---

[35] Amended Complaint at 6-7.

[36] Opposing Memorandum at 8.

[37] Business Entity Search for Salt Creek Holdings, LLC, attached as Exhibit A to Opposing Memorandum.

[38] *Twombly*, 550 U.S. at 555.

Defendants argue that the proposed amended complaint is futile because it fails to establish this court's personal jurisdiction over several of the additional defendants.[39] Plaintiffs argue that Defendants lack standing to raise this defense on behalf of the Additional Defendants.[40] Plaintiffs cite a handful of district court decisions outside of the Tenth Circuit which determined that a lack of personal jurisdiction can only be raised by the affected party.[41] This rationale rests on the view that the requirement of personal jurisdiction "represents a restriction on judicial power, not as a matter of sovereignty, but as a matter of individual liberty."[42] "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."[43] However, "objections to motions to add parties, which are necessarily filed only by existing parties, are routinely addressed by courts without discussion of standing or ripeness doctrines."[44] Because the issue of this court's personal jurisdiction over the additional defendants goes directly to the alleged futility of the proposed amendment, it will be considered on this motion.

"The . . . court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction."[45] "When the evidence presented on the motion to

---

[39] Opposing Memorandum at 12.

[40] Reply at 5.

[41] Reply at 5-6; *Jenkins v. Smead Mfg. Co.*, No. 09-CV-0261-IEG (BLM), 2009 WL 3628100, at *3 (S.D. Cal. Oct. 28, 2009) (defendant lacks standing to raise lack of personal jurisdiction on behalf of additional defendants named in amended complaint); *Sayles v. Pac. Eng'rs & Constructors, Ltd.*, No. 08-CV-676S, 2009 WL 791332, at *7 (W.D.N.Y. Mar. 23, 2009) (defendant lacks standing to contest personal jurisdiction over co-defendant).

[42] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[43] *Id.* at 703.

[44] *SpeedSportz, LLC v. Menzel Motor Sports, Inc.*, No. 07-CV-624-TCK-SAJ, 2008 U.S. Dist. LEXIS 83260, at *2-3 (N.D. Okla. Oct. 17, 2008) (emphasis added); *see also Litster v. Alza Corp*, No. 2:05-CV-1077 TS, 2006 U.S. Dist. LEXIS 86006 (D. Utah Nov. 14, 2006) (deciding a Motion to Amend to add a new defendant where the existing defendants argue, *inter alia*, that court lacked personal jurisdiction over proposed new defendant).

[45] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)(quoting *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987)).

dismiss consists of affidavits and other written materials the plaintiff need only make a prima facie showing."[46] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor."[47] "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[48]

The proposed amended complaint asserts that each additional defendant either has its principal place of business located in Salt Lake County, or it "conducts, or conducted during times relevant hereto, business in Salt Lake County, state of Utah."[49] Plaintiffs further allege that this Court may exercise personal jurisdiction over the additional defendants because as they are alter egos of each other and the existing defendants, the specific tortious acts of the additional defendants are pled throughout the complaint.[50] Neither party has produced affidavits relating to personal jurisdiction. The Court is cognizant that the additional defendants include a Belgian company, a Thai company, and several companies from other states, and "the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction."[51] However, in the absence of affidavits controverting

---

[46] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[47] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990)(quoting *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984)).

[48] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[49] Amended Complaint at 2-3.

[50] Reply at 6.

[51] *OMI Holdings v. Royal Ins. Co. of, Canada*, 149 F.3d 1086, 1096 (10th Cir. 1998).

Plaintiffs' allegations, the Court will allow the Plaintiff to amend its complaint and will decide the question of personal jurisdiction based on a fully-briefed motion to dismiss.[52]

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint[53] is GRANTED as provided herein.

Dated August 4, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[52] *See Precision Fitness Equip., Inc. v. Nautilus, Inc.*, No. 08-cv-01228-CMA-KLM, 2009 U.S. Dist. LEXIS 81691 (D. Colo. Aug. 25, 2009) (granting motion to amend and delaying a definitive ruling on personal jurisdiction); *Murray v. Sevier*, 156 F.R.D. 235 (D. Kan. 1994) (finding that a motion to amend to add individual defendants should be granted even in light of its "doubts" concerning personal jurisdiction); *SpeedSportz, LLC v. Menzel Motor Sports, Inc.*, No. 07-CV-624-TCK-SAJ, 2008 U.S. Dist. LEXIS 83260, at *2-3 (N.D. Okla., Oct. 17, 2008) (finding that the question of personal jurisdiction is more properly decided in the context of a motion to dismiss, and granting the motion to amend).

[53] Plaintiff's Motion for Leave to File First Amended Complaint, docket no. 29, filed April 15, 2010.