IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID W. COLE et al.,<br><br>                     Plaintiffs,<br>v.<br><br>SALT CREEK, INC. et al.,<br><br>                     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS, GRANTING MOTION TO QUASH, AND DENYING MOTION TO CONSOLIDATE<br><br>Case No. 2:08-cv-928 DN<br><br>District Judge David Nuffer |

      Plaintiffs David Cole and Silver Sands Consulting, LLC filed this case in November 2008 against Salt Creek, Inc. and INVE Asia Ltd. In August 2010, Plaintiffs amended their complaint to add Salt Creek Holdings, LLC; Nutriad LLC; INVE Americas Services, Inc.; INVE Aquaculture, Inc.; INVE, BV; INVE Technologies, NV; and Ocean Nutrition Asia Co., Ltd. as defendants.

      On March 30, 2012, some 19 months later, Salt Creek moved to dismiss INVE Asia Ltd.; Salt Creek Holdings, LLC; INVE Americas Services, Inc.; INVE, BV; INVE Technologies, NV; and Ocean Nutrition Asia Co., Ltd., all of which had still not served, under Fed. R. Civ. P. 4(m).[1] Approximately two weeks later, on April 16, 2012, Plaintiffs purportedly served INVE Americas Services, Inc., which prompted a motion to quash service of process from Salt Creek.[2] On May 11, 2012, Plaintiffs then moved to consolidate this case with the case of *David W. Cole and Silver Sands Consulting, LLC v. INVE Americas, Inc. and Salt Creek Holdings, Inc.*, Case No.

---

[1] Defendant Salt Creek, Inc.'s Motion to Dismiss INVE Asia Ltd.; Salt Creek Holdings, LLC; INVE Americas Services, Inc.; INVE, BV; INVE Technologies, NV; and Ocean Nutrition Asia Co., Ltd. d/b/a Aqua Pets America, docket no. 89, filed on Mar. 30, 2012.

[2] Salt Creek Inc.'s Motion to Quash Service of Process, docket no. 112, filed on May 3, 2012.

2:11-cv-1123, which is also pending in this district, on grounds that the two cases involve the same claims and that the defendants in both cases are alter egos of each other.[3]

It is simply too late in this case to bring in new parties. Under Fed. R. Civ. P. 4(m), the court must dismiss claims against any defendant that is not served within 120 days after the complaint is filed, unless the plaintiff shows good cause for the failure. This case has been pending for nearly four years, and trial is scheduled to begin in less than 90 days. More than 600 days expired between Plaintiffs' amended complaint and Salt Creek's motion to dismiss. Plaintiffs argue that the 120-day limit of Rule 4(m) does not apply to dismiss INVE Asia Ltd.; Salt Creek Holdings, LLC; INVE Americas Services, Inc.; INVE, BV; INVE Technologies, NV; and Ocean Nutrition Asia Co., Ltd. because they are foreign corporations. However, Rule 4(m) exempts only foreign individuals (Rule 4(f)) and foreign governments (Rule 4(j)(1)) from the 120-day limit — not foreign corporations. In any event, Plaintiffs are required to demonstrate that they at least made efforts to serve the foreign defendants to avoid the 120-day limit.[4] With the exception of INVE Americas Services, Inc., Plaintiffs have not demonstrated any effort whatsoever to serve the other defendants. Accordingly, Salt Creek's motion to dismiss is GRANTED.

Plaintiffs did purportedly serve INVE Americas Services, Inc. on April 16, 2012. However, Plaintiffs offer no excuse for why they waited for 20 months after naming INVE Americas Services, Inc. as a defendant in this case before serving process. Plaintiffs have thus failed to show good cause for extending the 120-day service deadline under Rule 4(m).

---

[3] Plaintiffs' Motion to Consolidate, docket no. 118, filed on May 11, 2012.

[4] *See, e.g.*, *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (10th Cir. 2005) ("Although Rule 4(m) creates an exception for 'service in a foreign country pursuant to subdivision (f),' . . . this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country.").

Additionally, INVE Americas Services, Inc. was dissolved on July 28, 2005.[5] Under Nevada law, which is the state of incorporation, INVE Americas Services, Inc. is no longer a legal person with regard to suits commenced more than two years after its July 28, 2005 dissolution.[6] INVE Americas Services is therefore not amenable to service of process in this case. Salt Creek's motion to quash service of process is GRANTED.

Also, Plaintiffs will not be allowed to bring in new parties by consolidation. Under Fed. R. Civ. P. 42(a) and DUCivR 42-1, the court may consolidate two or more cases that "involve common questions of law or fact."[7] Even where warranted, "consolidation is not mandatory."[8] "It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."[9] The deadline for amending pleadings or adding parties in this case was on April 15, 2010.[10] Plaintiffs attempted to obtain a stipulation from Defendants to add new parties in September 2011, approximately 17 months after the deadline.[11] When Defendants refused to stipulate to the late amendment, Plaintiffs filed Case No. 2:11-cv-1123, instead of moving the court for leave to amend. Plaintiffs then waited until May 11, 2012 to file their motion to consolidate Case No. 2:11-cv-1123, which is still in the preliminary stages of the litigation

---

[5] Salt Creek, Inc.'s Memorandum in Support of Motion to Quash Service of Process at Ex. A, docket no. 113-2, filed on May 3, 2012.

[6] Nev. Rev. Stat. 78.585.

[7] Fed. R. Civ. P. 42(a).

[8] *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:12-cv-91, 2012 WL 4795655, at *3 (D. Utah Oct. 9, 2012).

[9] *Id.* (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002)).

[10] Order Granting Stipulated Motion to Amend Scheduling Order and Amended Scheduling Order, docket no. 78, filed on Dec. 28, 2011.

[11] Memorandum in Support of Plaintiffs' Motion to Consolidate at 3, docket no. 119, filed on May 11, 2012.

process, into this case. This record demonstrates Plaintiff's attempt to circumvent the scheduling order, and the requirements of Fed. R. Civ. P. 15 and 16, to add new parties to this case. Accordingly, Plaintiffs' motion to consolidate is DENIED.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant Salt Creek, Inc.'s Motion to Dismiss (docket no. 89) is GRANTED, and Defendants INVE Asia Ltd.; Salt Creek Holdings, LLC; INVE Americas Services, Inc.; INVE, BV; INVE Technologies, NV; and Ocean Nutrition Asia Co., Ltd. are DISMISSED WITHOUT PREJUDICE.

IT IS FUTHER ORDERED that Salt Creek, Inc.'s Motion to Quash Service of Process (docket no. 112) is GRANTED and service of process on INVE Americas Services, Inc. is QUASHED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Consolidate (docket no. 118) is DENIED.

Dated October 29, 2012.

BY THE COURT:

David Nuffer
United States District Judge